KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>ALEJANDRA TAPIA(2),<br><br>Defendant.<br>______________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 08CR0249-BTM<br><br>DATE: March 5, 2008<br>TIME: 9:00 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery.

//

//

//

//

//

//

//

**I**

**STATEMENT OF THE CASE**

On January 30, 2008, a federal grand jury for the Southern District of California returned a two-count Indictment, charging Defendants, Tinamarie Torres Debenetto (1), and Alejandra Tapia (2), with one count of bringing in illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2; and one count of bringing in illegal aliens without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. Both Defendants were arraigned on the Indictment on January 31, 2008, and entered a not guilty plea.

On February 21, 2008, Defendant(1), Tinamarie Torres Debenetto, entered a guilty plea to count 2 of the indictment pursuant to the terms of a plea agreement.

On February 22, 2008, Defendant(2) filed motions for discovery; to suppress statements; preserve and inspect evidence; dismiss the indictment for improper Grand Jury Instructions; and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A. IMMIGRATION HISTORY**

Defendant is a United States citizen..

**B. CRIMINAL AND ARREST HISTORY**

Defendant has one prior arrest on November 30, 2004, for possession of marijuana for sale.

**C. ALIEN-SMUGGLING**

On January 14, 2008, at approximately 3:50 p.m., Defendant(2) entered the United States through primary lane number 16 at the San Ysidro, California, Port of Entry as the passenger in a Jeep Cherokee bearing California license plate 5ZFT682. Defendant(1), Tinamarie Torres Debenedetto, was the driver. Both Defendants applied for admission, both claiming United States citizenship. Defendant(1) presented a California driver license and Defendant(2) presented a California Identification Card. Both Defendants stated that they were going to San Diego. The primary inspecting officer, Customs and Border Protection ("CBP") Officer Jesus Segovia, noticed a strong smell of gasoline coming from the vehicle during the primary inspection.

Officer Segovia asked for the vehicle registration. Defendant(1) replied that it belongs to the company for whom she works while handing the registration to Officer Segovia. While Defendant(1) handed the registration document to Officer Segovia, he noticed that her eyes became watery and her hand was shaking.

Defendant(2) told Officer Segovia that they had stayed at her grandmother's house in Tijuana, Mexico. Officer Segovia continued the inspection and noticed that the gas tank area had been modified. Officer Segovia lifted the tailgate and noticed that the floor was slightly arched and bulging, he also noticed a shiny piece of metal was not covered by the vehicle carpeting. Officer Segovia moved the carpet aside, and observed an individual concealed in the non-factory compartment.

Officer Segovia instructed Defendant(1) to turn off the vehicle, and place her hands on the steering wheel and instructed Defendant(2) to place her hands on the dashboard. Officer Segovia called for assistance and AT-CET officers arrived and escorted the Defendants to the security office. Officer Segovia attempted to start the vehicle by turning the key in the ignition, but the vehicle would not start. Officer Segovia and the AT-CET officers then pushed the vehicle to the secondary inspection area.

After the vehicle was moved to the secondary inspection area, Officer Segovia observed the other officers remove the sheet metal covering from the non-factory compartment and he observed two individuals inside the compartment.

CBP Officers G. Rios, J. James, and M. Pederson removed the sheet metal covering the non-factory compartment in the gas tank area and assisted two individuals out of the non-factory compartment.

The two individuals were determined to be citizens of Mexico without authority or documentation to enter the United States. Officers later questioned the two individuals and both stated that they were paying to be smuggled into the United States.

An alternative fuel source was located in the vehicle engine compartment.

**D. DEFENDANT'S STATEMENT**

Defendant(1) was advised of her Miranda rights at approximately 6:48 p.m. and invoked.

CBP Officer G. Rios advised Defendant(2) of her Miranda rights at approximately 7:03 p.m. and she waived her rights and agreed to speak with the investigating officers. Defendant(2) waived her

rights orally and in writing by signing a written waiver. During the interview, Defendant(2) was alert and coherent. She did not appear to be ill, intoxicated, or under the influence of drugs. Defendant(2) appeared capable of communicating and offered rational responses to questions. The officers did not make any threats or promises to Defendant(2).

Defendant(2) stated that she was not aware that there were undocumented aliens concealed in the vehicle. Defendant(2) stated that she is unemployed and that she traveled to Tijuana for the purpose of visiting her son's grandmother, who is ill. Defendant(2) stated that she has known Defendant(1) for approximately 3 months. She also stated that Defendant(1) traveled to Tijuana with her because Defendant(1) was going to visit friends and needed a ride. Defendant(2) stated that she drove her Ford Aerostar to Tijuana on January 12, 2008, and stayed in Tijuana with relatives. Defendant(2) communicated to Defendant(1) that her vehicle was not working well, so Defendant(1) told her that she would borrow a friend's vehicle to drive back to North Hollywood. Defendant(2) stated that because her vehicle was overheating, she left it parked near her family's residence.

Defendant(2) said that she was going to North Hollywood to get more clothes and then return to Tijuana. Defendant(2) stated that she and Defendant(1) stayed at a hotel the night before her arrest because there was not enough room at her relative's home. Defendant(2) stated that Defendant(1) left the hotel at approximately 11:30 a.m. to get the vehicle they were to use to drive to North Hollywood, and then returned to pick up Defendant(2) at approximately 2:00 p.m. Defenant(2) stated that (after being picked up) they traveled directly to the border and waited in line approximately 1 hour. Defendant(2) stated that Defendant(1) told her they would stop and get gas, after they crossed the border.

After the interview, Defendant(2) was allowed to make a telephone call to her family members in the presence of agents using the speakerphone. During this conversation, Defendant(2) told her son to pick up her van from the hotel. She later told another family member to be sure to pick up the van at the hotel.

**E. <u>MATERIAL WITNESS'S STATEMENT</u>**

The material witness, Isabel Bocanegra-Narvaez, was interviewed and stated that she is a citizen of Mexico and that she possessed no documents that would permit her to enter or reside in the United

States. The material witness stated that she was born in Guanajuato, Mexico. The material witness stated that she traveled to Tijuana approximately 15 days prior to her apprehension. The material witness stated that her cousin made arrangements with an unknown female for her to be smuggled into the United States. The cousins were going to pay $3000.00 to the smugglers upon her arrival in Los Angeles. On the Saturday prior to her apprehension, she spoke with her cousin who told her to go to a taco stand near the hotel where she was staying to meet with an unknown male. This unknown male took her to a house where she stayed until the date of her apprehension. On January 14, 2008, another unknown male arrived at the house and placed her into the compartment. The material witness was in the compartment approximately one hour prior to arriving at the border. The material witness could not identify either Defendant from a photographic lineup.

## III

## <u>GOVERNMENT'S MOTIONS</u>

### A. <u>UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY</u>

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 96 pages of discovery and 3 cds/dvds to defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be

provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## CONCLUSION

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery be granted.

DATED: February 28, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRA TAPIA,<br>Defendant. | ) | Criminal Case No. 08CR0249-BTM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Stephen Demick, Esq., Federal Defenders of San Diego**
Stephen_Demick@fd.org

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 28, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP